(No. 74-50—

STEPHEN McLEOD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 12, 1976.*

REDMAN, SHEAR, O'BRIEN & BLOOD, by MICHAEL J. O'BRIEN, of counsel, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; GEORGE A. MUSTIS, Assistant Attorney General, for Respondent.

BURKS, J.

This claim for property loss and damages is brought pursuant to the provisions of the act relating to damages caused by escaped inmates of State controlled institutions. Ill.Rev.Stat., Ch. 23, §4041.

The filing of briefs having been waived, the facts in the record are summarized as follows:

On April 10; 1973, Claimant owned a 1964 Malibu Chevrolet. On that date, Claimant's wife, who was a part-time employee at the Montgomery Ward store located on the outskirts of St. Charles, drove the car to work and parked it in front of the store at approximately 5:00 p.m. According to the hearsay testimony of the Claimant, Claimant's wife left the car unlocked, but took the keys with her into the store. When she quit work at 9:00 p.m., the car was no longer in the parking lot.

About a week later Claimant was notified by police that the car had been found in Chicago, and that he could pick it up at a vehicle pound on the south side of Chicago.

Claimant had purchased the car in March, 1973, for $375. During the time Claimant's car was missing it had been damaged, and the repair estimates exceeded the sum of $375. Various items of personal property in the car at the time Claimant's wife parked it in the store parking lot were not in the car when Claimant picked it up at the pound.

The record contains a statement of one Jonathan Hill, an inmate of the State Training School for Boys at St. Charles. He testified that, in the afternoon of the day in question, he hid in the ceiling of the gymnasium. From that vantage point he watched many guards looking for him until approximately 6:00 p.m. He then escaped from the institution by climbing over the barbed wire fence surrounding the grounds. He travelled through woods and farmland until he reached the outskirts of St. Charles at about 7:00 p.m. There the inmate Hill found Claimant's car in the Montgomery Ward parking lot. According to his statement, the keys were in the ignition. He drove the car to Chicago where he abandoned it. He stated further that he had no knowledge of the personal property in the car.

Turning now to the issues, we find that a prima facie case is made as to the State's negligence in that inmate Hill was able to climb over the institution fence without being seen.

On the question as to whether the Claimant was free from contributory negligence, we take notice of Claimant's hearsay testimony that his wife did not leave the keys in the car. Inmate Hill states categorically that

the keys were in the car, and that he did not know how to start a car without its keys. Under the circumstances, this issue is irrelevant. The Claimant, as bailor of the car, is not bound by the negligence of his wife, the bailee, in leaving the keys in the car, if in fact she did so leave them. *I.L.P. Bailments* §21. Negligence of the bailee is not attributable to the bailor.

The result would be different if Claimant had personally left the keys in the car. He would be bound by his own act of contributory negligence. Under the facts as we see them, the Respondent is liable for Claimant's loss.

Claimant asks $816.47 in damages for repairs to the car in an estimated amount of $508.95, plus $307.52 for the stolen items of personal property. Claimant testified, however, that he paid only $375 for the car, and that some of the items stolen were not brand new. In the opinion of the court, $600.00 would fairly compensate Claimant for his loss.

Claimant is hereby awarded damages for property loss in the sum of Six Hundred Dollars ($600.00).